IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE MCLAINE, | : | CIVIL ACTION |
|           Plaintiff, | : | |
| | : | |
|    v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN J. CHIOVERIO, JUDGE, and | : | |
| AMANDA COOPERMAN, JUDGE, | : | |
|           Defendants. | : | No. 02-3538 |

**MEMORANDUM AND ORDER**

**SCHILLER, J.**                                                                                                        **November    , 2002**

      Plaintiff Andre McLaine, a pro se prisoner, commenced this action under 42 U.S.C. § 1983 against Philadelphia County Court of Common Pleas Judges John Chioverio and Amanda Cooperman, alleging violations of various constitutional rights, including his right to a speedy trial. Presently before this Court is Defendants' Motion to Dismiss. Because I find that this case is more properly brought as a habeas corpus action, I will dismiss Plaintiff's complaint without prejudice to allow Plaintiff to pursue his state remedies.

      The factual background of Mr. McLaine's case is unclear. On June 20, 2000, while on probation from a prior offense in Bucks County, Pennsylvania, Mr. McLaine was arrested and charged with rape and other related offenses in Philadelphia County, Pennsylvania. Subsequent to Mr. McLaine's arrest, arraignment and detention, a detainer was lodged against him. On January 30, 2001, Judge Chioverio denied Mr. McLaine's request to lift the detainer, but indicated to Mr. McLaine's counsel that if the case did not proceed to trial on March 29, 2001, he would consider placing Mr. McLaine under house arrest. (Letter to McLaine from Graeff of 2/7/01, at 1). On April

16, 2001, Judge Cooperman signed an order releasing Mr. McLaine to house arrest with electronic monitoring, but Mr. McLaine remained in custody under Judge Chioverio's detainer.(Letter to McLaine from Younis of 4/16/01, at 1). On Dec. 3, 2001, Mr. McLaine filed a Motions to Dismiss pursuant to Pennsylvania Rules of Criminal Procedure 1013 and 600(g), alleging that more than 365 days had passed without trial since his arrest. On that same day, he also filed a Motion for an Immediate Hearing on his Motion for Release from Custody.

Plaintiff alleges that his constitutional right to a speedy trial has been violated and that he was "coerced" into taking probation. Neither Plaintiff's complaint nor his response to Defendants' motion, however, provide much in the way of information to support his allegations. Even where I read the complaint liberally, as I must,[1] the specific actions of the named defendants remain unclear, as does the procedural history of Mr. McLaine's cases. For example, Mr. McLaine states that he had "a hearing" on Jan. 29, 2002, but does not indicate the subject matter or the outcome thereof. I am also unable to discern whether Mr. McLaine has multiple criminal charges pending against him and what the respective roles of the Defendants are, if any, in these actions.

I will dismiss Plaintiff's complaint not because of the insufficiency of his allegations, however, but because of his failure to exhaust state remedies. Plaintiff styles his complaint as a § 1983 action based on violations of the United States constitution. Exhaustion of state remedies is not normally required in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). However, I agree with Defendants that Plaintiff's case is more appropriately brought as a habeas corpus action, requiring an exhaustion of state remedies.

---

1.  *See United States ex. rel. Walker v. Fayette City*, 599 F.2d 573, 575 (3d Cir. 1979)

In *Preiser*, the first case to address the overlap between § 1983 and the federal habeas laws, state prisoners deprived of good-time credits as a result of disciplinary proceedings sought restoration of the credits, which would have resulted in their immediate release, under § 1983. 411 U.S. at 476-77. The Supreme Court held that in light of the specific federal remedy provided by 28 U.S.C. § 2254, the prisoners' request for injunctive relief was not cognizable under the broad language of § 1983. *Id*. at 489-90, 500. The Court explained that "state prisoners attacking the validity of the fact or length of their confinement" must proceed in federal court under the habeas laws, which expressly require exhaustion of adequate state remedies, and may not use § 1983 to circumvent this requirement. *Id*. at 489-90. However, the Court emphasized that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id*. at 499.

The relevant statute, 28 U.S.C. § 2254, provides that a district court shall entertain for a writ of habeas corpus where the prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." To the extent Mr. McLaine claims that Defendants have violated his federal constitutional rights to a speedy trial guaranteed by the Sixth Amendment, he is required to exhaust all state remedies for such violations before he is entitled to federal review. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 515 (1982). This exhaustion requirement is applicable to pre-trial petitions for habeas corpus as well as post-conviction petitions. *See Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975). Absent "extraordinary circumstances," a petitioner must satisfy this exhaustion requirement. *See id*. at 446.

Plaintiff provides no indication that he has exhausted his state remedies. I am aware only that Plaintiff has filed a motion for release from custody or dismissal of the charges against him pursuant to Pennsylvania Rules of Criminal Procedure 1013 and 600(g) and possibly suffered an adverse

ruling at the January 29, 2002 hearing. Alleged actions that violate a state constitutional guarantee or procedural rule cannot be considered under 28 U.S.C. § 2254 unless an independent federal right has been violated. Even if his motions under Pennsylvania law included a claim that his federal constitutional rights were violated, these motions will not satisfy the exhaustion requirement. *See Evans v. Court of Common Pleas*, 959 F.2d 1227, 1230 (3d Cir. 1992) ("The exhaustion requirement is satisfied when the state courts have had an opportunity to pass upon and correct alleged constitutional violations. A claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court.").

When a federal district court determines that there exists the possibility of state court review, a habeas petition should be dismissed without prejudice. *See Figueroa v. Clark*, et al., 810 F. Supp. 613, 617 (E.D. Pa. 1992) (citing *Hill v. Zimmerman*, 709 F. 2d 232 (3d. Cir. 1983)). If Mr. McLaine was arrested for rape on June 20, 2000 and has had no trial to date on that charge, his confinement is of grave concern. In the absence of further information, however, I cannot say that it rises to the level of "extraordinary circumstances" required to warrant pre-exhaustion habeas relief. I will, therefore, dismiss Plaintiff's complaint without prejudice. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDRE MCLAINE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| | : | |
| **JOHN J. CHIOVERIO, JUDGE,** and | : | |
| **AMANDA COOPERMAN, JUDGE,** | : | |
| **Defendants.** | : | **No. 02-3538** |

**ORDER**

    **AND NOW**, this     day of **November, 2002**, upon consideration of Defendants' Motion to Dismiss, it is hereby **ORDERED** that:

1.    Defendants' Motion to Dismiss (Document No. 11) is **GRANTED**. Plaintiff's complaint is hereby dismissed without prejudice.

                                 **BY THE COURT:**

                                 _____
                                 **Berle M. Schiller, J.**